IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILKE MORGAN,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>W. KNIPP, Warden (A), Mule Creek State Prison,<br><br>　　　　　　Respondent. | No. 2:11-cv-01723-JKS<br><br>MEMORANDUM DECISION |

　　　　Matthew Wilke Morgan, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Morgan is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Mule Creek State Prison. Respondent has answered, and Morgan has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　A Sacramento County jury found Morgan guilty of seven counts of lewd or lascivious acts upon a child under the age of fourteen (Penal Code § 288(a)) and two counts of lewd acts upon a child of fourteen or fifteen years of age (Penal Code § 288(c)(1)).[1]  The Sacramento County Superior Court sentenced Morgan to an aggregate prison term of fifteen years and four months.  The California Court of Appeal, Third Appellate District, affirmed Morgan's conviction and sentence in an unpublished decision,[2] and the California Supreme Court denied review on October 27, 2010.  Morgan timely filed his Petition for relief in this Court on June 23, 2011.

---

[1] References to the Penal Code are to the California Penal Code.

[2] *People v. Morgan*, No. C060734, 2010 WL 3123089 (Cal. Ct. App. Aug. 10, 2010).

The facts underlying Morgan's conviction are unnecessary to a determination of the issues present in the Petition. Accordingly, they are not recited herein.

## II.  GROUNDS RAISED/DEFENSE

Morgan raises eight issues in six enumerated grounds, all of which attack the sentence imposed:  (1) the trial court erred in imposing the upper term based upon a perceived subornation of perjury in violation of *Cunningham*[3] and *Black II*,[4] and, if deemed forfeited, ineffective assistance of counsel for failing to object at trial; (2) the trial court erred in using Morgan's exercise of his right to a jury trial as an aggravating factor and, if deemed forfeited, ineffective assistance of counsel in failing to object at trial; (3) the trial court abused its discretion and violated due process in denying probation and in imposing consecutive sentences; (4) the imposition of the upper term on one of the counts violated the *Ex Post Facto* Clause; (5) the imposition of the upper term on one of the counts violated his right to a jury trial and a determination based upon proof beyond a reasonable doubt; and (6) sentencing under *Sandoval*[5] violates the Sixth Amendment right to a jury trial.[6]  Respondent does not assert any affirmative defense.

---

[3] *Cunningham v. California*, 549 U.S. 270, 288-89 (2007).

[4] *People v. Black*, 161 P.3d 1130, 1140-41 (Cal. 2007).

[5] *People v. Sandoval*, 161 P.3d 1146, 1159-67 (Cal. 2007) (holding that "reformed" Penal Code § 1170 granted the trial court broad discretion in determining whether to impose a sentence in low, middle, or upper term, and that application of the "reformed" section did not violate the *Ex Post Facto* clause).

[6] Morgan attached to his Petition a copy of his application for review filed with the California Supreme Court with minor non-substantive alterations concerning the party filing the document.

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[8] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[9] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[10] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[7] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-75 (2003) (explaining this standard).

[8] *Williams*, 529 U.S. at 412 (alteration added).

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be "objectively unreasonable," not just "incorrect or erroneous."[11] The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[12] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[13] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[14] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[15]

> The Supreme Court recently underscored the magnitude of the deference required:
>
> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error

---

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[13] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[14] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[15] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

4

correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[16]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[17] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[18] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[19]

IV. DISCUSSION

Ground 1: Upper Term (Subornation of Perjury);

In his first ground, Morgan contends that the trial court erred in sentencing him to the upper term based upon the trial court's belief that he was guilty of suborning the victim's testimony at trial. As he did on direct appeal, Morgan acknowledges that defense counsel failed

---

[16] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[17] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . .").

[18] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[19] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

to object at trial, but argues that the failure to object constitutes ineffective assistance of counsel.

The Court of Appeal rejected Morgan's contentions:

> To prevail on a claim of ineffective assistance of counsel, [Morgan] must show that trial counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that but for counsel's deficient performance the result at trial would have been different. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) [Morgan] must satisfy both components. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.) Defense counsel has no duty to make futile objections. (*People v. Anderson* (2001) 25 Cal.4th 543, 587.)
>
> [Morgan] focuses primarily on the court's statements about [Morgan's] connection with S.D.'s perjured testimony at trial. According to [Morgan], the court erred in not making on-the-record findings to support a finding of perjury.
>
> In support, [Morgan] relies on *People v. Howard* (1993) 17 Cal.App.4th 999. *Howard* held that a court, when imposing an aggravated sentence because of perjury at trial, is required to make on-the-record findings encompassing all the elements of a perjury violation. (*Id.* at p. 1004.) The court reasoned: "[A]n aggravated sentence should not be imposed routinely simply because the jury, by convicting the defendant, obviously did not accept his or her testimony . . . . Requiring the trial court to make findings as to the elements of perjury will assure that the imposition of an aggravated sentence because of perjury will be restricted to those cases where perjury has clearly been committed." (*Id.* at p. 1005.) A failure to set forth the elements is reviewable under the harmless beyond a reasonable doubt standard of review. (*Id.* at pp. 1004-1005.)
>
> Although the trial court in the present case stated [Morgan] "probably set [S.D.] up with the story" and considered this an "incredibly, incredibly aggravating" factor, the court did not set forth the evidence supporting a perjury charge against [Morgan]. (§ 127.) [Morgan] contends defense counsel performed ineffectively in failing to object to this omission.
>
> We disagree. In sentencing [Morgan] to the upper term, the trial court cited three factors in aggravation: the vulnerability of the victim, [Morgan's] having been convicted of other crimes for which consecutive sentences could have been imposed, and [Morgan's] inducement of S.D.'s perjury.
>
> A court's imposition of the upper term "does not infringe upon the [Morgan's] constitutional right to jury trial so long as one legally sufficient aggravating circumstance has been found to exist by the jury, has been admitted by the [Morgan], or is justified based upon the [Morgan's] record of prior convictions." (*People v. Black* (2007) 41 Cal.4th 799, 816 (*Black* ).) Here, in addition to the perjury factor, the court relied on two other factors, factors [Morgan] argues are not legally sufficient to support the upper term.
>
> [Morgan] contends S.D. was not particularly vulnerable. The court characterized S.D. as particularly vulnerable, "demonstrated by the fact that within one week or so of you meeting her she became totally enamored with a complete

stranger upon your instant declaration of love to her. [¶] Furthermore, you were aware, and I believe you used the knowledge of her prior molest against her. You were aware of that, and yet you proceeded to victimize her again."

[Morgan] argues this characterization of his relationship with S.D. ignores the "inconvenient truth that appellant and [S.D.] were in love." [Morgan] goes on to present a litany of historic or famous relationships between teenage girls and older men, presumably arguing that despite the lack of social acceptance for these relationships, they can endure.

[Morgan] also argues S.D.'s mother "appeared to accept" that his relationship with S.D. endured. However, S.D.'s mother stated: "[I]t would be my wish if it was possible, that [[Morgan]] have no further contact with [S.D.] until she is eighteen years of age at which time what she chooses to do is her choice and out of my hands." These are the words of a mother who despairs for her daughter's immature choices, not a mother who "accepts" the relationship.

According to [Morgan], "If being in love makes one 'particularly vulnerable,' it is certainly not the type of vulnerability that would ever be considered an aggravating factor in a criminal case." S.D. was not particularly vulnerable because she was "in love." S.D.'s vulnerability stemmed from being a 13-year-old victim of a prior molestation, preyed upon by an older man, who at their first meeting won her a stuffed animal at the fair and then took her to his hotel room for a variety of sexual acts, some quite painful, culminating in intimate photographs of the young girl. The inconvenient truth, clearly expressed in our laws, that [Morgan] chooses to ignore is that 13-year-old girls, no matter their seeming maturity, are not acceptable sexual objects for grown men, no matter their immaturity. Love can be a many-splendored thing, but the love of an adolescent toward an adult does not sanctify the relationship or make attempted anal intercourse and other sexual acts any less reprehensible.

When a trial court properly finds one aggravating circumstance in accordance with *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856], a defendant becomes eligible for an upper-term sentence. As a result, any additional fact-finding engaged in by the trial court in selecting the appropriate sentence does not violate [Morgan's] right to a jury trial. (*Black, supra,* 41 Cal.4th at p. 812.) Here, the trial court properly found S.D.'s vulnerability an aggravating factor. There is no reason to believe the trial court would have imposed lesser punishment had it not cited to the additional aggravating factor of suborning perjury. Therefore, defense counsel's failure to object to the perjury factor would not have changed the result.[20]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Morgan must show both that his counsel's performance was deficient and that the deficient performance prejudiced

---

[20] *Morgan*, 2010 WL 3123089 at *5-6.

his defense.[21] A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[22] Morgan must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[23] An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs.[24]

Under the decision of the California Supreme Court in *Black II*, the existence of only one aggravating factor that satisfies the Sixth Amendment, i.e., been found to exist by a jury, admitted by the defendant, or is justified based upon the defendant's record of prior convictions, including multiple convictions in the same proceeding, is necessary to set the upper term as the maximum sentence.[25] This is consistent with the Sixth Amendment requirement embodied in the *Apprendi*-line of cases.[26] Because, as the California Court of Appeal found, Morgan was found guilty of multiple counts occurring at different times, the imposition of the upper term satisfied the requirements of *Black II* and any claim that it did not would have been futile. The failure to make an objection that lacks merit hardly constitutes a basis for a finding of ineffective

---

[21] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[22] *Id*.

[23] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[24] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

[25] *Black*, 161 P.3d at 1140-41.

[26] *See Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008).

assistance of counsel under either prong of the *Strickland-Hill* test.[27]  Morgan is not entitled to relief under his first ground.

      Ground 2:  Exercise of Right to Trial

Morgan contends that the trial court erred in relying on the exercise of his right to a jury trial as one of the aggravating factors in imposing an upper term violated his rights under the Fifth, Sixth, and Fourteenth Amendments.  The Court of Appeal disagreed:

> In a related argument, [Morgan] contends the trial court imposed the upper term because he exercised his constitutional right to trial.  In support, [Morgan] quotes several statements made by the trial court during sentencing.  In discussing S.D.'s perjury, the trial court stated: "You could have stopped it.  You could have admitted your guilt long ago."  The court noted that according to the probation officer, "you admitted your guilt which would have been a good thing had you done that long ago and well before this trial started."
>     Contrary to [Morgan's] assertion, the trial court did not impose the upper term because [Morgan] exercised his right to trial.  The comments, when considered in context, related to one of the stated reasons for imposing the upper term, S.D.'s perjury, which the trial court believed [Morgan] participated in.  As previously noted, disregarding the reference to perjury, the trial court cited ample reasons to impose the upper term.[28]

Morgan's argument on this ground fails for the same reason his argument on the merits on his first ground failed, i.e., the trial court properly relied on at least one other factor in imposing the upper term.  Nor, because his claim was meritless, did trial counsel's failure to raise the issue constitute ineffective assistance of counsel.  Morgan is not entitled to relief under his second ground.

      Ground 3: Denial of Probation; Imposition of Consecutive Sentences

---

[27] *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (holding that a meritorious issue is necessary for a Sixth Amendment claim).

[28] *Morgan*, 2010 WL 3123089 at *6-7.

Morgan contends the trial court abused its discretion and violated his due process rights by failing to consider the criteria affecting probation under California Rules of Court, rule 4.414; failing to order a report under Penal Code § 288.1 (psychological evaluation); and by imposing consecutive sentences.    Morgan further argued that trial counsel was ineffective.  The Court of Appeal rejected Morgan's arguments:

> [Morgan] argues the trial court abused its discretion and violated his due process rights by failing to consider the criteria affecting probation under California Rules of Court, rule 4.414; failing to order a section 288.1 report; and by imposing consecutive sentences.  Again, [Morgan] contends defense counsel's failure to object amounted to ineffective assistance of counsel.
> **Rule 4.414 Factors**
> According to [Morgan], the court failed to consider any of the proper criteria in rule 4.414 affecting and supporting probation.  Several facts relating to the crime, [Morgan] asserts, support a grant of probation.  Instead, the court abused its discretion by relying on unfounded and speculative assumptions in denying probation.
> At sentencing, the trial court stated [Morgan] was eligible for probation, but probation was not warranted because of the nature, seriousness, and circumstances of the offense.  With regard to consecutive sentencing, the court cited rule 4.425, subdivision (a)(2), finding the crimes involved separate acts of violence, and therefore consecutive sentences were appropriate.
> The trial court possesses broad discretion in determining whether or not to grant probation.  We will not disturb that discretion except on a showing that the court exercised this discretion in an arbitrary or capricious manner.  A court abuses its discretion when its determination exceeds the bounds of reason.  (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910; *People v. Lai* (2006) 138 Cal.App.4th 1227, 1256-1257.)
> Here, the trial court stated it had received and reviewed the probation officer's report.  The court also considered the sentencing briefs, statements in mitigation, and statements in aggravation. In addition, the court heard arguments from counsel as well as statements by S.D.'s mother, the victim advocate, and [Morgan].  After considering all this information, the court denied probation because of the nature, seriousness, and circumstances of the offense.
> The court must state its reasons for sentencing on the record at the time of sentencing. (§ 1170, subd. (c).)  The court need not expressly state its consideration of each factor, and the court will be deemed to have considered those factors unless the record reveals otherwise.  (Rule 4.409.) [Morgan] argues the trial court failed to consider *any* of the proper criteria in rule 4.414, denying [Morgan] due process.

10

[Morgan] is mistaken. Rule 4.414, factor (a)(1) allows the court to consider "Facts relating to the crime, includ[ing]: [¶] . . . The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime." The court cited these factors in denying [Morgan] probation. We find no abuse of discretion.

**Section 288.1 Report**

[Morgan] contends the trial court abused its discretion in failing to order a psychological evaluation pursuant to sections 288.1 and 1203.067. According to [Morgan], by failing to obtain a report the trial court improperly usurped the role of psychiatrist.

A court considering a probation request from a [Morgan] convicted of a felony listed in section 1203.067 must first review the criteria affecting the grant or denial of probation set forth in rule 4.414. The court considers those factors and determines whether to deny probation or consider further the possibility of granting probation. If the court decides to deny probation based on the factors set forth in rule 4.414, a diagnostic evaluation is not required. (*People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1532.)

Here, the court determined [Morgan] was ineligible for probation under rule 4.414, factor (a)(1). This determination vitiated the need for a diagnostic evaluation.

**Consecutive Sentences**

[Morgan] also argues the court abused its discretion in imposing consecutive one-third the midterm sentences for counts five, six, seven, eight, and nine. We disagree. Section 669 grants the trial court wide discretion to impose consecutive sentences when a [Morgan] is convicted of two or more crimes. (*People v. Shaw* (2004) 122 Cal.App.4th 453, 458.) A trial court may impose consecutive sentences for crimes involving separate acts of violence. (Rule 4.425(a)(2).)

In sentencing [Morgan], the trial court stated the crimes involved separate acts of violence. Despite [Morgan's] attempts to characterize the sexual acts as "the antithesis of a violent sexual assault" because of their "consensual" nature, the evidence supports the court's conclusion.

During their first encounter, [Morgan] exploited S.D.'s immaturity and infatuation with him by telling her he loved her. After spending time enjoying the fair, [Morgan] took S.D. back to his hotel room and engaged in numerous sexual acts, including attempted sodomy, which caused S.D. pain. S.D. told police that intercourse felt like "swords were cutting her inside." She bled profusely because she was a virgin. [Morgan] took explicit photographs of S.D. engaged in a variety of sexual acts. Subsequently, [Morgan] moved to Sacramento and continued to exploit S.D.'s infatuation to persuade her to engage in sexual intercourse and oral copulation.

[Morgan's] willingness to repeatedly violate an immature young girl who had been previously molested justified the trial court's conclusion that his crimes

11

involved separate acts of violence warranting consecutive sentencing. Victimizing a vulnerable 13 year old is neither "consensual" sex nor love.[29]

The gist of Morgan's argument appears to be that the Sacramento County Superior Courts misapplied state law both factually and legally. Morgan also appears to contend that trial counsel was ineffective in failing to object to what Morgan terms to be unfounded assumptions or findings by the trial court in imposing the sentence.

To the extent that Morgan contends that the Sacramento County Superior Court abused its discretion under California law, Morgan fails to present a question of constitutional dimension on two bases. First, although the Ninth Circuit has suggested that an abuse of discretion may also amount to a constitutional violation,[30] the Supreme Court has never held that abuse of discretion is an appropriate basis for granting federal habeas relief. Indeed, quite to the contrary, the Supreme Court has suggested that, while abuse of discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not.[31]

Second, as a question of state law, it is beyond the purview of this Court in a federal habeas proceeding.[32] "[A] state court's interpretation of state law, including one announced on

---

[29] *Morgan*, 2010 WL 3123089 at *7-8.

[30] *See Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).

[31] *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) ("It is not even whether it was an abuse of discretion for her to have done so—the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law. § 2254(d)(1).").

[32] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[33] A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[34] This is especially true where the highest court in the state has denied review of the lower court's decision.[35]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[36] "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[37] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[38] "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[39]

---

[33] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[34] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[35] *Id.*; *see West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[36] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[37] *Cooke*, 131 S. Ct. at 863 (internal quotation marks and citations omitted).

[38] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[39] *Smith v. Phillips*, 455 U.S. 209, 221 (1982) (citations omitted); *see Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

The Sixth Amendment does not preclude the imposition of consecutive sentences based upon the findings of fact by a judge rather than a jury.[40] Thus, Morgan also fails to present a question of constitutional dimension on this point

Morgan misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. Under *Jackson*,[41] the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain the finding.[42] In this case, the California Court of Appeal determined that there was sufficient evidence to support the imposition of the sentence as required under California law. Although it might have been possible to draw a different inference from the evidence, this Court is required to resolve that conflict in favor of the prosecution.[43] Morgan bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous;[44] a burden Morgan has failed to carry. The determination by the Court of Appeal forecloses review by this Court.

Turning to Morgan's ineffective assistance of counsel claim, "a convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[45] The Court must then

---

[40] *Oregon v. Ice*, 555 U.S. 160, 168-69 (2009). Morgan's argument that *Ice* is inapposite is meritless.

[41] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

[42] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[43] *See Jackson*, 443 U.S. at 326.

[44] 28 U.S.C. § 2254(e)(1).

[45] *Strickland*, 466 U.S. at 690.

consider those acts or omissions against "prevailing professional norms."[46] Even then, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[47]

Morgan has not met this heavy burden. Other than to claim that trial counsel should have objected to what Morgan erroneously contends were improper factors utilized by the trial court in imposing the sentence, Morgan does not identify any objection counsel might have properly interposed that could possibly have changed the outcome. In his Traverse Morgan does to some extent expand on his ineffective assistance of counsel claim, arguing that counsel should have put before the court his psychological history that tends to establish diminished capacity and arrested mental maturity resulting in a mental age less than his chronological age.[48] The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[49] "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."[50] "If the state-court decision 'identifies the

---

[46] *Id*.

[47] *Id*.

[48] Ordinarily, this Court does not ordinarily consider arguments or facts raised for the first time in the traverse. "The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . .." *See* Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 2(c) (2012) (emphasis added).

[49] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[50] *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at 1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for

correct governing legal principle' in effect at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'"[51] As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."[52]

Even if this Court were to overlook the procedural bar and consider Morgan's evidence, Morgan would not prevail. What Morgan overlooks is that, in imposing sentence, the trial court specifically held that, under California law, a psychiatric diagnostic evaluation was unnecessary. Counsel can hardly be faulted for failing to present evidence the court determines is irrelevant. This Court is bound by that determination. Morgan is not entitled to relief under his third ground.

Ground 4:  Imposition of Upper Term Violates the *Ex Post Facto* Clause

Morgan argues that the application of "reformed" Penal Code § 1170, which was adopted after the date he committed the acts of which he was convicted, violated the *Ex Post Facto* Clause. The Court of Appeal also rejected this argument.[53] Morgan's *ex post facto* argument

---

asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.").

[51] *Pinholster*, 131 S.Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).

[52] *Id.*

[53] *Morgan*, 2010 WL 3123089 at *8-9.

before this Court is foreclosed by controlling Ninth Circuit precedent.[54] Morgan is not entitled to relief under his fourth ground.

### Ground 5: Imposition of Upper Term Violated the Right to Jury Trial and Proof Beyond a Reasonable Doubt

As to Morgan's argument that the Court of Appeal did not address his fifth ground, that argument is unsupported by the Court of Appeal's decision: specifically its finding that the trial court properly found at least one aggravating factor that satisfied *Cunningham*. Accordingly, even on the merits, Morgan is not entitled to relief under his fifth ground.

### Ground 6: *Sandoval* Violates Sixth Amendment Right to Jury Trial

Before this Court, as before the California Supreme Court, Morgan simply argues that the Court of Appeal did not address the issue; thus, he had not received appellate review. Suffice it to say that neither the Supreme Court nor the Ninth Circuit have held that the California Supreme Court decision in *Sandoval* violates the Sixth Amendment. Morgan is not entitled to relief under his Sixth ground.

---

[54] *Chiono v. Kernan*, 581 F.3d 1182, 1185 (9th Cir. 2009) ("We have also determined that no ex post facto concerns are generated by remanding for resenting for a *Cunningham* violation if the sentencing court follows the California Supreme Court's instructions in *Sandoval*." (citing *Butler*, 528 F.3d at 652 n.20)).

V.  CONCLUSION AND ORDER

Morgan is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[55]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[56]

The Clerk of the Court is to enter judgment accordingly.

Dated:  January 4, 2013.

                                    /s/ James K. Singleton, Jr.
                                    JAMES K. SINGLETON, JR.
                                    United States District Judge

---

[55] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[56] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.